b. Arising From
The second step in the minimum contacts analysis is to determine whether the claims brought by Third-Party Plaintiffs "arise out of" Edwards's "suit-related" contacts with the forum. Anzures v. Flagship Rest. Grp. , 819 F.3d 1277, 1280 (10th Cir. 2016). The claims brought against Edwards in the third-party complaint do arise from his alleged contacts with Utah, which relate exclusively to the present dispute. As discussed above, however, the contacts as alleged are insufficient to establish minimum contacts with the forum.
c. Insufficient Contacts
Due process requires that a defendant have minimum contacts with the forum state before the court may exercise personal jurisdiction over him. Evergreen and RAM have failed to allege minimum contacts between the state of Utah and Edwards acting in his personal capacity, and thus have failed to meet their burden of establishing personal jurisdiction over him.
The minimum contacts analysis examines whether a defendant purposefully directed activity at the forum and whether the claims against him arise from his contacts with the state. When personal jurisdiction, as here, is based on a civil conspiracy directed at the forum state, plaintiffs must allege a prima facie case of civil conspiracy involving the defendant. Evergreen and RAM have failed to allege a prima facie case of civil conspiracy. They have failed to allege sufficient facts to establish a meeting of the minds between Edwards and other parties. They have failed to establish that Edwards participated in the underlying tort of tortious interference with economic relations. Accordingly, the court cannot exercise personal jurisdiction over Edwards.
2. Traditional Notions of Fair Play and Substantial Justice (Reasonableness)
To satisfy due process, a party seeking to establish personal jurisdiction *990 over a defendant must not only establish that the defendant had minimum contacts with the forum, it must also establish that the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. See Asahi Metal Indus. Co. v. Superior Court , 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Third-Party Plaintiffs also fail to satisfy this independent requirement. The court concludes that it cannot exercise personal jurisdiction over Edwards because doing so would violate notions of fair play and substantial justice.
Whether jurisdiction is reasonable in accordance with traditional notions of fair play and substantial justice depends on five factors:
(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.
Pro Axess, Inc. v. Orlux Distrib., Inc. , 428 F.3d 1270, 1279-80 (10th Cir. 2005) (citation omitted).
Here, the exercise of personal jurisdiction would be unreasonable. Edwards "resides" in Tennessee, and the burden on Edwards to travel to Utah would be high. Furthermore, both Utah and Third-Party plaintiffs' interests in resolving the dispute efficiently can be satisfied without Edwards. Any contact he has had with Utah has been in his role as CEO of Celtig and Celtig is a party to the suit. Thus, naming Edwards as a defendant in his personal capacity is unnecessary. Under these circumstances, the court accordingly concludes that it would be unreasonable to exercise personal jurisdiction over Edwards. Evergreen and RAM may choose to pursue further claims against Edwards, but those actions must be brought in a forum in which he is subject to personal jurisdiction.
IV. ORDER
The court GRANTS IN PART and DENIES IN PART Brain Edwards's Motion to Dismiss with Prejudice Third-Party Complaint Against Third-Party Defendant Edwards for Lack of Personal Jurisdiction (ECF No. 29). It is hereby ORDERED that the Third-Party Complaint filed by Third-Party Plaintiffs Evergreen Strategies, LLC and Relay Advanced Materials, Inc. (ECF No. 24) is DISMISSED WITHOUT PREJUDICE as to Edwards.